CONCURRING OPINION BY BOWES, J.: I agree that Appellant waived the opportunity to claim that the trial court erred in considering Appellant’s refusal to submit to blood testing as evidence of her consciousness of guilt. I therefore join the opinion, but with the understanding that nothing we said implicitly endorses the conclusion that, but for waiver, she would have prevailed. The ramifications of Birchfield v. North Dakota, — U.S. -, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), with respect to implied consent issues, remains to be seen, as demonstrated by Commonwealth v. Myers, 164 A.3d 1162 (Pa. 2017). Therein, a majority of our High Court agreed that an unconscious driver retained the statutory right to refuse a blood draw, since that right applies to all DUI arrestees. See 75 Pa.C.S. § 1547(a) (motorist is deemed to have consented to chemical testing of breath or blood if police officer has reasonable basis to suspect motorist is impaired by influence of alcohol or a controlled substance); § 1547(b) (consequences for refusal). A majority of the Court determined that “Subsection 1547(b)(1) confers upon all individuals under arrest for DUI an explicit statutory right to refuse chemical testing, the invocation of which triggers specified consequences.” Id. at 1171. Justice Wecht, joined by Justices Dono-hue and Dougherty, further expressed the view that the warrantless blood draw was not saved under an implied consent theory, ie., by voluntarily operating a vehicle the driver implicitly consented to the blood draw. Those three Justices opined that the driver must be given the chance to refuse, not only as a statutory right, but as a constitutional command. “This conclusion not only is commanded by the statute; it is a constitutional necessity.” Id. at 1178 (footnote omitted). Justice Todd filed a concurring opinion, stating that the statutory violation was enough to decide the case, and declined to address the constitutional dimensions. Chief Justice Saylor, joined by Justice Baer, filed a concurring opinion which disagreed with the view that Myers did not impliedly consent to a blood draw. “[I]t seems to me that the voluntary act of operating a vehicle suffices to establish the initial consent to chemical-testing.” Id. at 1182 (Saylor, C.J., concurring). Justice Mundy also expressed that view in dissent. “The text reveals the General Assembly’s intent to generally deem all drivers on Pennsylvania’s roads as having consented to blood or breath tests.... one who has been deemed to have-given consent and does not affirmatively revoke consent has still given it.” Id. at 1186 (Mundy, J., dissenting). Justice Mundy further noted that “Birchñeld stands for nothing more than the proposition that if a conscious driver refuses a blood draw, that driver cannot be subjected to criminal punishment for his or her refusal.” Id. at 1188 (Mundy, J., dissenting). Chief Justice Saylor and Justice Baer departed from Judge Mundy’s view of implied consent with respect to the latter conclusion. Those Justices would have held that suppression was required under Birchñeld, on the basis that criminal penalties would have attached if the driver had actually refused.[1]. ' Myers would not, of course, control this issue, and there is a significant distinction between imposing criminal penalties for refusing to consent to a blood draw versus civil or evidentiary consequences. As the Chief Justice expressed, “I believe that the criminal penalties attached to a refusal to take a blood test render the statutory scheme in violation of the Fourth Amendment to the-United States Constitution pursuant to [Birchfield].’’ Myers, 164 A.3d at 1182 (Saylor, C.J., joined by Baer, J.) (emphasis added). That qualifier is significant. Birchñeld, while rejecting the theory that implied consent statutes could always justify a blood draw whereas the search incident to arrest rationale does not, distanced itself from the precise conclusion Appellant asked us to reach in this appeal. Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them. Birchfield, supra at 2185 (emphasis added, citations omitted). Thus, Appellant is incorrect when she posits that, since she “had a constitutional right to refuse to submit, to blood testing, her invocation of that .right cannot be used as substantive evidence of guilt.” Appellant’s brief at 13. That conclusion is far from clear. Indeed, Justice Wecht’s opinion in Myers did not reach the issue of “whether Myers may be deemed to have ‘refused’ so as to sustain a driver’s license suspension ... as such á determination lies beyond the scope of this decision.” Myers, 164 A.3d at 1182 (Wecht, J., joined by Donohue, J., and Dougherty, J.) (emphasis added). Likewise, the application of Birchfíeld to this issue is far beyond what we decide today. It is enough to say Appellant waived the opportunity to litigate that issue. With that understanding, I join. . Justice Donohue joined this portion of the Chief Justice’s concurrence.